J-S46005-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARWIN HART-JONES | : | |
| | : | |
| Appellant | : | No. 2954 EDA 2019 |

Appeal from the Order Entered September 30, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0013806-2011

BEFORE: BENDER, P.J.E., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.: **FILED JANUARY 5, 2021**

Appellant, Darwin Hart-Jones, appeals from the order dismissing, without a hearing, his timely-filed, Post Conviction Relief Act[1] ("PCRA") petition. Appellant argues that his trial attorney provided ineffective assistance of counsel ("IAC") by failing to request a mistrial after successfully objecting to two instances of prosecutorial misconduct. After careful review, we affirm.

As this Court briefly summarized during the direct appeal in this case,

[o]n June 30, 2011, Khalif Gonzalez was walking westbound on Horrocks Street with his friend Tyree Branch. Gonzalez testified that he saw [Appellant] standing at the corner of Horrocks and Unruh Streets, dressed in black with a hoodie covering the top of his forehead and ears. As the pair passed [Appellant], Branch said to [him], "[W]hat are you looking at pussy?" A minute or two later, Gonzalez heard three gunshots[,] and he and Branch ran towards their respective homes. Gonzalez, who received a

_____

[1] 42 Pa.C.S. §§ 9541-9546.

gunshot wound to his right arm, looked back at [Appellant] and saw him tuck a black gun with a clip into the front of his waistband. Branch, who was shot in the back, ultimately died from his wounds.

***Commonwealth v. Hart-Jones***, No. 1291 EDA 2013, unpublished memorandum at 1 (Pa. Super. filed Feb. 20, 2015).

Following a trial held in March of 2013, a jury convicted Appellant of first-degree murder, attempted murder, aggravated assault, and two violations of the Uniform Firearm Act ("VUFA").[2] Appellant filed a direct appeal to this Court. We affirmed his judgment of sentence, and our Supreme Court denied further review. ***Commonwealth v. Hart-Jones***, 120 A.3d 387 (Pa. Super. 2015) (unpublished memorandum), *appeal denied*, 125 A.3d 776 (Pa. 2015).

Appellant filed a timely, *pro se* PCRA petition on June 6, 2016, and a *pro se* amended PCRA petition on September 1, 2016. Subsequently appointed PCRA counsel, George Yacoubian, Esq., filed another amended PCRA petition on August 18, 2017. Attorney Yacoubian filed two supplemental amended PCRA petitions on May 18, 2018, and August 18, 2018. Soon thereafter, the PCRA court granted Attorney Yacoubian leave to withdraw, and appointed present counsel, James Lloyd, Esq., on Appellant's behalf. Attorney Lloyd filed a supplemental amended PCRA petition on December 31, 2018. On June 11, 2019, the Commonwealth moved to dismiss Appellant's PCRA petition without a hearing.

---

[2] ***See*** 18 Pa.C.S. §§ 2502(a), 901(a), 2702(a), 6106(a)(1), 6108.

On August 21, 2019, the PCRA court issued notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss Appellant's petition without a hearing, and then dismissed the petition by order dated September 30, 2019. Appellant filed a timely notice of appeal, and a timely, court-ordered Pa.R.A.P. 1925(b) statement. The PCRA court issued its Rule 1925(a) opinion on December 4, 2019.

Appellant now presents the following questions for our review:

Did the PCRA [c]ourt err and/or abuse its discretion when it denied [A]ppellant[]'s petition under the PCRA seeking a new trial based upon a claim that trial counsel was ineffective for failing to seek a mistrial when:

a. the prosecutor, without a good faith basis to do so, posed a question which elicited extremely prejudicial and inadmissible information in the presence of the jury, and where that information was essential to the prosecutor's case; and/or

b. the prosecutor, during closing arguments, made a wholly improper emotional plea to the jury…?

Appellant's Brief at 4.

We apply the following standards to Appellant's IAC claims, as stated by our Supreme Court:

Our standard of review in PCRA appeals is limited to determining whether the findings of the PCRA court are supported by the record and free from legal error. The PCRA court's factual determinations are entitled to deference, but its legal determinations are subject to our plenary review.

As relevant here, a PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt

or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii). Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner. To obtain relief, a petitioner must demonstrate that counsel's performance was deficient and that the deficiency prejudiced the petitioner. **Strickland v. Washington**, 466 U.S. 668, 687 … (1984). A petitioner establishes prejudice when he demonstrates "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." **Id.** at 694…. Applying the **Strickland** performance and prejudice test, this Court has noted that a properly pled claim of ineffectiveness posits that: (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice befell the petitioner from counsel's act or omission.

**Commonwealth v. Johnson**, 966 A.2d 523, 532-33 (Pa. 2009) (some citations and quotation marks omitted).

Some further background is required to address Appellant's claims. Gonzalez was the only eyewitness to identify Appellant as the shooter. The limited physical evidence in this case neither supported nor refuted Appellant's identification by Gonzalez. When initially interviewed at the hospital immediately following the shooting, Gonzalez did not identify his assailant. However, two days later, he provided a statement to homicide detectives, describing the shooter as "six feet tall, slim, light-skinned, about nineteen years of age, and dressed in all black clothing." PCRA Court Opinion (PCO), 12/4/19, at 4. Gonzalez identified Appellant from a photo array, and from an in-person lineup. **Id.** He also identified Appellant at the preliminary hearing. **Id.**

In order to bolster Gonzalez's identification of Appellant, the Commonwealth intended to secure the testimony of Alphonso Glenn, who purportedly heard Appellant admit to the shooting.[3] *Id.* at 6. During the prosecutor's opening argument to the jury, the Commonwealth informed the jury that it intended to call Glenn, that they intended to elicit from him evidence of Appellant's admission, and that the Commonwealth did not anticipate that he would testify willingly. *Id.* Ultimately, the Commonwealth was unable to secure Glenn's testimony because they could not locate him. *Id.*

*Failure to Request a Mistrial Due to Prosecutorial Misconduct During the Cross-Examination of a Defense Witness*

Appellant's first IAC claim concerns trial counsel's failure to request a mistrial during the prosecutor's questioning of defense witness Ajare Mathis, Appellant's girlfriend. As explained by the PCRA court, while being cross-examined by the prosecutor, Mathis

---

[3] The defense presented some evidence inconsistent with Gonzalez's identification for Appellant. For instance, Appellant's sister, Shakura Hart, testified that she saw Appellant wearing a white T-shirt and blue pants a few hours before the shooting. *See* N.T. Trial, 3/27/13, at 146-58. Jose DeLeon testified that he saw a man in a dark, hooded sweatshirt running from the scene of the shooting. DeLeon saw the man get into a Cadillac that immediately sped away. Thirty seconds later, Deleon saw Appellant walking away from the scene of the shooting, and he observed that Appellant was wearing a white T-Shirt and blue jeans. DeLeon also indicated that he could have easily mistaken the man he saw getting into Cadillac for Appellant. *See id.* at 60-90. Thus, evidence of Appellant's admission to the crime, if found credible by the jury, could have served to dispel reasonable doubt about the identification of Appellant as the shooter.

testified that she learned about the murder when she heard that Glenn was being questioned by detectives and mentioned [Appellant]'s name. The prosecutor then asked Mathis[,] "So did you hear that Fonz [Alphonso Glenn] told detectives that [Appellant] admitted to doing it?" Prior to the witness answering, the question was immediately objected to[,] [t]he objection was sustained[,] and the question was stricken from the record. Additionally, the prosecutor was admonished by the [trial c]ourt. Specifically, the [c]ourt stated[,] "[t]hat is totally objectionable," and "move to strike and don't do that again." N.T. [Trial], 3/27/[]13[,] at 112.

Following the testimony of Mathis, the [trial c]ourt issued the following curative instruction to the jury:

Ladies and gentlemen, just one thing, remember when I told you, when I spoke to you in the beginning of this week that questions are not evidence and that opening arguments and closing arguments are not evidence. Now you heard some information in this courtroom and I said sustained and ordered that it be stricken but I need to be really clear with you. This person, Alfonso Glenn, has not testified in this case. Anything that anyone says that he said, you cannot consider because he is not here to be cross-examined. His testimony can't be tested. That is why you hear me saying sustained. Don't do that. Now I think you heard possibly during opening arguments and just now in questioning by the District Attorney at least, that words from -- they call him Fonz -- Alfonso Glenn's mouth. You are to disregard all of that.

[*Id.*] at 139.

PCO at 6-7.

Although Appellant's trial counsel objected to the question, and despite the fact that the trial court specifically instructed the jury to disregard the offensive question and its implications, Appellant maintains that his trial attorney provided constitutionally-deficient assistance of counsel by failing to further request a mistrial. The PCRA court acknowledged that Appellant's

claim likely satisfied the first two prongs of the IAC test, in that Appellant's IAC claim had arguable merit, and that his trial counsel should have requested a mistrial. *Id.* at 7. However, the court determined that Appellant cannot demonstrate the prejudice prong of his IAC claim, finding that the following factors sufficiently mitigated the potential prejudice stemming from the prosecutor's misconduct, so as not to deprive Appellant of a fair trial: 1) the question was immediately objected to by defense counsel; 2) the court struck the question from the record before the witness could answer; 3) the court admonished the prosecutor; and 4) the court gave a curative instruction. *See id.* at 7-8. The PCRA court also noted that this Court,

> previously addressed this issue in *dicta* after it determined that the claim was waived by trial counsel for failure to request a mistrial on direct appeal. The Superior Court found that had trial counsel requested a mistrial, the trial court would have been within its discretion to deny it. Furthermore, the Superior Court found that "the court's response, striking the question from the record and giving a curative instruction, was sufficient to remove any prejudice [Appellant] may have suffered."

*Id.* at 8 (quoting *Hart-Jones*, No. 1291 EDA 2013, unpublished memorandum at 3).

Appellant argues that he was prejudiced because counsel's error waived an associated claim on direct appeal. He further contends that the misconduct was particularly egregious due to the prosecution's attempt to put evidence of Appellant's purported confession before the jury when it could not secure the testimony of Glenn.

We agree with the PCRA court, and this Court's reasoning during Appellant's direct appeal, that Appellant fails to demonstrate that he was prejudiced by the prosecutor's question to an extent that the result of the proceeding—his trial—would have been different, but for the prosecutor's misconduct. Specifically, Appellant fails to convince us that the prosecutor's question, although clearly inappropriate and worthy of admonition by the trial court, was so egregious so as to fix the jury's mind against Appellant, especially since the misconduct was promptly addressed by the trial court and the question was struck from the record before it could be answered. Additionally, the curative instruction to the jury was directly on point and thorough, and Appellant does not identify any deficiencies therein. "The jury is presumed to follow the court's instructions." *Commonwealth v. Roney*, 79 A.3d 595, 640 (Pa. 2013). Appellant fails to explain why that presumption does not apply in, or is overcome by, these circumstances.

"Failure to prove any prong of" the IAC "test will defeat an ineffectiveness claim." *Commonwealth v. Fears*, 86 A.3d 795, 804 (Pa. 2014). As Appellant has failed to satisfy his burden to demonstrate that counsel's failure to request a mistrial constituted outcome-determinative prejudice, his first claim lacks merit.

*Failure to Request a Mistrial Following an Emotional Plea by the Prosecutor During His Closing Argument to the Jury*

Similar to his first claim, Appellant argues that his trial counsel was ineffective for failing to request a mistrial in response to prosecutorial

misconduct, this time during the Commonwealth's closing argument. As the PCRA court explains,

> the prosecutor stated in her closing argument[,] "Don't make me call Khalif [the surviving victim] and tell him I'm sorry[,] … you did the right thing ... but it is not enough." [N.T. Trial, 3/27/13, at 225.] Although defense counsel objected and the court sustained the objection, counsel did not request a mistrial.

PCO at 8.

Appellant contends that trial counsel's failure to request a mistrial caused him to waive his claim on direct appeal that the prosecutor's statement warranted a new trial. Indeed, on direct appeal, Appellant argued that he was entitled to a new trial due to the prosecutor's emotional appeal to the jury, and this Court initially ruled that trial counsel's failure to request a mistrial waived his claim. *Hart-Jones*, 1291 EDA 2013, unpublished memorandum at 3. However, this Court further stated:

> Even if counsel had requested further relief, [Appellant] would not be entitled to a new a trial. Prosecutorial misconduct will be found if the argument results in prejudice to the defendant. It does so when:
>
> > [T]he unavoidable effect of the comments at issue was to prejudice the jurors by forming in their minds a fixed bias and hostility toward the defendant, thus impeding their ability to weigh the evidence objectively and render a true verdict. Due to the nature of a criminal trial, both sides must be allowed reasonable latitude in presenting their cases to the jury. Prosecutorial misconduct will not be found where comments made were done for oratorical flair.
>
> *Commonwealth v. Miller*, 897 A.2d 1281, 1291 (Pa. Super. 2006).
>
> Here, the trial court sustained defense counsel's objection and reminded the jury that the prosecutor's closing argument is not

evidence.  N.T. Trial, 3/27/13, at 166.  The court also gave an instruction that the jury could not consider empathy or sympathy when reaching a verdict.  N.T. Trial, 3/28/13, at 6.  Based on the foregoing, we agree with the trial court's conclusion that the comment at issue did not prejudice [Appellant] so as to warrant a new trial.  Accordingly, we discern no abuse of discretion.

*Hart-Jones*, 1291 EDA 2013, unpublished memorandum at 3–4.

We agree with this Court's analysis during Appellant's direct appeal that Appellant was not prejudiced by the prosecutor's emotional appeal to the extent that he was deprived of a fair trial, and we adopt it as our own.  Thus, even if trial counsel had requested and been denied a mistrial, Appellant would not have been entitled to relief because the prejudice stemming from the prosecutor's comment was immediately alleviated by the trial court when the comment was made.  Thus, Appellant's second claim fails to satisfy the prejudice prong of the IAC test and, therefore, it also lacks merit.

Order ***affirmed***.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/05/2021